## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ABDULKADIR SHARIF ALI,      )
                             )
            Petitioner,   )
                             )
            v.             )       1:19CV481
                             )
ERIC A. HOOKS,            )
                             )
            Respondent.  )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). (Docket Entry 1.) The Court denied Respondent's Motion for Summary Judgment (Docket Entry 6; see also Docket Entry 7 (Supporting Brief)) and ordered the Clerk to schedule an evidentiary hearing, see Ali v. Hooks, No. 1:19CV481, 2020 WL 473626, at *9 (M.D.N.C. Jan. 29, 2020) (unpublished), recommendation adopted, 2020 WL 2572359 (M.D.N.C. May 21, 2020) (unpublished) (Biggs, J.). Respondent thereafter submitted a filing entitled "Motion to Dismiss Because Respondents Have Chosen to Restore to Petitioner His Lost 30-days Sentencing Reduction Credits" (Docket Entry 14 (capitalization omitted)); see also Docket Entry 15 (Supporting Brief)), and Petitioner filed a response in opposition (Docket Entry 19). For the reasons that follow, the Court should grant Respondent's Motion to Dismiss.

## I. Background

On August 8, 2014, a jury in the Superior Court of Guilford County found Petitioner (and his co-defendant) guilty of attempted

robbery with a dangerous weapon, conspiracy to commit robbery with a dangerous weapon, assault with a deadly weapon inflicting serious injury, and first degree burglary in cases 13 CRS 100094, 100098, 10099, and 14 CRS 24118. See State v. Sheikh, No. COA-15-688, 786 S.E.2d 433 (table), 2016 WL 1744651, at *1 (N.C. App. May 3, 2016) (unpublished). The trial court sentenced Petitioner to three consecutive prison sentences of 59 to 83 months, 59 to 83 months, and 23 to 40 months. See id. at *2.[1]

On October 23, 2018, a Disciplinary Hearing Officer ("DHO") at the Caswell Correctional Center (where Petitioner was serving his sentences for the underlying convictions described above) convicted Petitioner after a hearing of disciplinary offense "A-12" for possession of an unauthorized controlled substance (ecstasy) on October 18, 2018. (See Docket Entry 7-2 at 4-13.)[2] As a result of that conviction, the DHO sentenced Petitioner to 27 days in restrictive housing for disciplinary purposes ("RHDP"), loss of 30 days of good time/gain time credits, 40 hours of extra duty, suspension of canteen and telephone privileges for 80 days, and a

---

[1] The North Carolina Court of Appeals found no error in Petitioner's convictions and sentences, Sheikh, 2016 WL 1744651, at *2, the North Carolina Supreme Court denied Petitioner's petition for discretionary review ("PDR"), State v. Sheikh, 369 N.C. 39 (2016), and the United States Supreme Court denied Petitioner's petition for a writ of certiorari, Ali v. North Carolina, ___ U.S. ___, 137 S. Ct. 1218 (2017). After the trial court denied Petitioner's Motion for Appropriate Relief collaterally challenging his convictions and sentences, this Court dismissed with prejudice Petitioner's action under 28 U.S.C. § 2254 attacking his underlying convictions and sentences without issuance of a certificate of appealability. See Ali v. Hooks, No. 17CV1034, 2018 WL 3421338, at *1 (M.D.N.C. July 13, 2018) (unpublished), recommendation adopted, slip op. (M.D.N.C. Sept. 4, 2018) (Biggs, J.).

[2] Throughout this Recommendation, pin citations refer to the page numbers in the footer appended to those materials at the time of their docketing in the CM/ECF system.

-2-

$10 limit on weekly trust fund withdrawals for 90 days. (See id. at 4.) On November 25, 2018, the Director of the Division of Adult Correction/Prisons Section upheld Petitioner's disciplinary conviction and sentence. (See id. at 2-3.)

Petitioner thereafter submitted his Petition to this Court (Docket Entry 1) seeking restoration of the 30 days of good time/gain time he lost as part of his prison disciplinary sentence (id. at 15). Respondent moved for summary judgment both on grounds of nonexhaustion and on the merits (Docket Entries 6, 7), and the Court, finding genuine issues of material fact remaining on both fronts, denied Respondent's motion, Ali, 2020 WL 2572359 (adopting Ali, 2020 WL 473626). Respondent subsequently filed his instant Motion to Dismiss on grounds of mootness (Docket Entry 14; see also Docket Entry 15 (Supporting Brief)), and Petitioner responded in opposition (Docket Entry 19).

## II. Ground for Relief

Petitioner alleges "Due Process rights violations secured by the U.S. Constitution (14th Amendment) [and a]lso violations of rights secured by [North Carolina Department of Public Safety ('NCDPS')] policies" (Docket Entry 1, ¶ 12 (Ground One) (internal quotation marks omitted)), in that he "was not afforded the right to refute [the investigating officer's] evidence, [ he] was told that [he] c[ould] not speak and [he] had no rights by [the DHO][, he] was not given [the] right to hear and to be heard[, and] . . . [the DHO] failed to find exculpatory evidence though there existed some" (id., ¶ 12 (Ground One)(a)).

-3-

### III.  Discussion

Respondent moves to dismiss the Petition on grounds of mootness, because "the [NCDPS] has chosen to restore to Petitioner his lost 30-days sentencing reduction credits for his A-12 offense." (Docket Entry 15 at 2.)  In support of that argument, Respondent proffers the Affidavit of Monica Bond, the Chief DHO for the NCDPS, Division of Adult Corrections, Prisons Section. (Docket Entry 15-1.)  In that Affidavit, Ms. Bond avers that, "[i]n order to avoid further litigation, [Prisons Administration] ha[s] determined to restore to [Petitioner] the 30 days of good time credit that was placed at issue in th[e P]etition." (Id. at 2.)  Ms. Bond attached to her Affidavit "a three-page database print-out" (id.), which "reflects that, on February 26, 2020, 30 days' time ha[d] been restored to [Petitioner] in order to restore the credits lost due to the A12 rule violation that took place on October 23, 2018" (id. at 2-3; see also id. at 4-6 (print-out showing restoration of 30 days credit)).  Respondent contends that "federal habeas corpus relief is no longer available in this prison disciplinary case, because [Petitioner's] 30-days sentencing credits have been returned to him." (Docket Entry 15 at 2 (citing Wilkinson v. Dotson, 544 U.S. 74, 79 (2005), and Preiser v. Rodriguez, 411 U.S. 475, 487-88 (1973)).)  According to Respondent, "[i]f Petitioner has any other claims or assertions regarding [his] A-12 offense, he must file a separate civil suit pursuant to 42 U.S.C. § 1983." (Id. (citing Preiser, 411 U.S. at 487-88).)

-4-

In response, Petitioner disputes that Respondent's restoration of Petitioner's 30 days of good time/gain time credits has mooted his instant Petition. (<u>See</u> Docket Entry 19 at 8-11.) In particular, Petitioner asserts that "the expiration date of [his f]irst [s]entence, 10 October 2019, which is the sentence from which sentence reduction credits were originally deducted from [sic], has not been affected at all, and his [f]irst [s]entence and, consequently, the overall length of his three consecutive sentences remain 30 days longer than it [sic] would have been had Respondents not violated his constitutional right to due process." (<u>Id.</u> at 8 (citing Docket Entry 19-1 at 12-16 (Petitioner's Affidavit)).) In support of that argument, Petitioner maintains that the minimum term of his first sentence (59 months) ended in June 2019 (<u>see</u> Docket Entry 19-1 at 13), and that the maximum term of that sentence (83 months) would have ended in June 2021 (<u>id.</u> at 14). Petitioner thus argues that, because he served "62 months total" of his first sentence in case number 13 CRS 100098, "which is at least 3 months in excess of [his] 59 months mandatory minimum[,] . . . at least 30 days of th[o]se 3 months [he] served in excess are due to the alleged unconstitutional 23 October 2018 disciplinary infraction." (<u>Id.</u> (capitalization omitted).) In addition, Petitioner contends that, although his "Case Manager Mr. Wolf" answered Petitioner's question regarding which sentence received the 30 days good time/gain time credits with the statement that the credits "were applied correctly," the effective date of the restoration, February 26, 2020, "means exactly what it states,

-5-

that th[o]se 30 days [of credits] have been applied to [Petitioner's s]econd [s]entence in [case n]umber 14 CRS 024118." (Id. at 15.)

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for mootness.  See CGM, LLC v. BellSouth Telecomm'ns, Inc., 664 F.3d 46, 52 (4th Cir. 2011).  "The doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction," Porter v. Clarke, 852 F.3d 358, 363 (4th Cir. 2017) (brackets omitted), which extends only to actual "Cases" and "Controversies," U.S. Const. art. III, § 2, cl. 1.  In that regard, "[w]hen a case or controversy ceases to exist — either due to a change in the facts or the law — 'the litigation is moot, and the court's subject matter jurisdiction ceases to exist also.'"  Id. (quoting South Carolina Coastal Conservation League v. U.S. Army Corps of Eng'rs, 789 F.3d 475, 482 (4th Cir. 2015)).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate," Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990), and "[t]he parties must continue to have a personal stake in the outcome of the lawsuit," id. at 478 (internal quotation marks omitted).

As Respondent "challenges the existence of subject matter jurisdiction in fact, [Petitioner] bears the burden of proving the truth of such facts by a preponderance of the evidence." U.S. ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009).  In determining whether Petitioner has met that burden, the Court must "regard the pleadings' allegations as mere evidence on the issue,

-6-

and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

Here, the record does not establish the sentence to which the NCDPS applied the 30 days of credits. (See Docket Entry 19-1 at 15 (reflecting Petitioner's belief based on effective date of restoration that Respondent applied credits to Petitioner's second sentence); Docket Entries 14, 15 (Respondent's materials not reflecting sentence to which credits applied).)  Contrary to Petitioner's assertion (see Docket Entry 19-1 at 15), the mere fact that the NCDPS restored the credits on February 26, 2020, i.e., after the expiration of Petitioner's first sentence, does not preclude the possibility that the NCDPS applied the credits retroactively to Petitioner's first sentence.  Moreover, Petitioner's argument that he served three months longer than the 59-month minimum term of his first sentence (see id. at 14) similarly fails to establish that the NCDPS did not retroactively apply the 30 days of credits.  Petitioner readily admits that he incurred other disciplinary convictions while serving his first sentence which "may have impacted the duration of [his] first sentence" (the details of which Petitioner did not provide).  (Id. at 13.)  Thus, Petitioner's own evidence shows that reasons other than the NCDPS's alleged failure to apply the 30 days of credits to Petitioner's first sentence could have lengthened his first sentence by at least three months beyond the minimum term.

-7-

For purposes of adjudicating Respondent's instant Motion, however, the Court need not resolve the factual issue of which of Petitioner's sentences received the 30 days of credits. If the NCDPS restored the credits to Petitioner's first sentence, then Petitioner's first sentence expired and his second sentence began its term 30 days earlier than without the credits. Likewise, if the NCDPS applied the 30 days of credits to Petitioner's second sentence, then that sentence will expire 30 days earlier than without the credits. In either circumstance, Petitioner's total time served will remain 30 days shorter than without the restoration of the 30 days of good time/gain time credits. Under such circumstances, Petitioner has already obtained the relief he seeks in his Petition, i.e., restoration of the 30 days good time/gain time credits he lost as a result of conviction of the A12 offense on October 23, 2018, and the Court should dismiss the Petition as moot. See Prator v. Neven, No. 2:10CV1209, 2013 WL 3297173, at *1 (D. Nev. June 28, 2013) (unpublished) ("Due to the restoration of the 90 days of good time credit, [the] petitioner's claims are moot, and the petition is dismissed with prejudice on this basis."); Holtz v. Richards, 779 F. Supp. 111, 113 (N.D. Ind. 1991) (unpublished) ("[T]he petitioner has received the remedy he sought in his habeas petition, restoration of the forty-five (45) days of good time credit he lost as a result of the defective prison disciplinary hearing in 1988[, and t]herefore, his petition is moot." (capitalization omitted)).

## IV. Conclusion

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 14) be granted, that the Petition (Docket Entry 1) be dismissed as moot.


<u>        /s/ L. Patrick Auld        </u>
**L. Patrick Auld**
**United States Magistrate Judge**

November 23, 2020