IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ABDULKADIR SHARIF ALI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:19CV481 |
| | ) | |
| ERIC A. HOOKS, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

The Recommendation of the United States Magistrate Judge was filed with the Court in accordance with 28 U.S.C. § 636(b) and, on November 23, 2020, was served on the parties in this action. (ECF Nos. 20, 21.) Respondent filed objections to the Magistrate Judge's Recommendation, (ECF No. 24), and Respondent submitted a response in opposition, (ECF No. 26).

In his Objections, Petitioner specifically challenges the Magistrate Judge's finding "that the Court need not resolve the factual issue of which of Petitioner's sentences received the 30 days of credit because either way he received the relief he sought, 'restoration of the 30 days good time/gain time credit he lost as a result of conviction of the A12 offense.'" (ECF No. 24 at 2 (quoting *Ali v. Hooks*, No. 19CV481, 2020 WL 6875140, at *3 (M.D.N.C. Nov. 23, 2020)).) According to Petitioner, "[c]onsecutive sentences in North Carolina . . . function like cardboard boxes stacked on top of each other" and "can be as small as their Mandatory Minimum or as big as their Mandatory Maximum." (*Id.* at 4-5.) Petitioner notes that he will endeavor to be gainfully employed, among other things, to finish his last two sentences by

their Mandatory Minimum," but argues that "[e]ven if 3,000 days of good time/gain time credit, including the 30 days Respondent unconstitutionally took from his first sentence, were to be applied to his third and last consecutive sentence, Petitioner would still be serving 30 days longer than he should have[, because n]o amount of good time/gain time credit can override the Mandatory Minimum set by a North Carolina judge. (*Id.* at 5.)

In turn, Respondent notes that, in light of Petitioner's "conten[tion] that he may earn down to the statutory minimum on the second sentence without the restored credits, rendering them useless," Respondent "consulted with the North Carolina Department of Public Safety (NCDPS) to better understand whether Petitioner was correct." (ECF No. 26 at 2.) As a result of that consultation, Respondent attached the Declaration of Teresa O'Brien, (ECF No. 26-1), the Director of Combined Records with the NCDPS (*see id.,* ¶ 1), and deems "speculative, at minimum, that Petitioner could be prejudiced by the credits being restored to the second sentence—particularly given that he has already incurred disciplinary losses of time on the second sentence he is currently serving." (*Id.* (citing ECF No. 26-1, ¶ 13 (observing that Petitioner "has received 120 days of penalty time on BA-002 already, and thus is it highly speculative that the efforts here to restore his 30 days to BA-001 rather than BA-002 will actually lessen his total term of imprisonment")).) However, "out of an abundance of caution, Respondent confirmed with NCDPS that the credits were indeed restored to [Petitioner's] second sentence (referred to in the system as BA-002), because that is the sentence Petitioner was serving when the credits were restored," and advises that "NCDPS has now manually overridden its systems to erase the disciplinary 30-day time penalty in Petitioner's first sentence

2

Case 1:19-cv-00481-LCB-LPA Document 27 Filed 03/08/21 Page 2 of 5

(BA-001), and [ ] has reverted the 30-day credit it had added to Petitioner's second sentence (BA-002) previously to resolve this action." (*Id.* (citing ECF No. 26-1, ¶¶ 6–13).)

Respondent further explains the result of that recalculation as follows:

> For a variety of reasons, a 30-day restoration of earned time does not necessarily result in a release date of exactly 30 days earlier; and a change in release date on one sentence may shift some earned time credits to the next consecutive sentence. The [D]eclaration explains how that happened here: deleting the disciplinary penalty time at issue in this case shifted Petitioner's release date on his first sentence back 19 days (and thus started his second sentence 19 days earlier). It also moved 10 days of earned time credits from BA-001 (first sentence) to BA-002 (second sentence), with the difference between 29 days and 30 days likely due to rounding.

(*Id.* at 3 (citing ECF No. 26-1, ¶¶ 9-13).) Respondent thus argues that, although the Recommendation "correctly concluded that the case would be moot regardless of which sentence the credits were restored to, Respondent also believes this adjustment by NCDPS eliminates any possible doubt as to the mootness of this case." (*Id.* (internal parenthetical citation omitted).)

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for mootness. *See CGM, LLC v. BellSouth Telecomm'ns, Inc.*, 664 F.3d 46, 52 (4th Cir. 2011). "The doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction," *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017) (brackets omitted), which extends only to actual "Cases" and "Controversies," U.S. Const. art. III, § 2, cl. 1. In that regard, "[w]hen a case or controversy ceases to exist — either due to a change in the facts or the law — 'the litigation is moot, and the court's subject matter jurisdiction ceases to exist also.'" *Id.* (quoting *South Carolina Coastal Conservation League v. U.S. Army Corps of Eng'rs*, 789 F.3d 475, 482 (4th Cir. 2015)). As Respondent "challenges the existence of subject matter jurisdiction in fact,

3

Case 1:19-cv-00481-LCB-LPA   Document 27   Filed 03/08/21   Page 3 of 5

[Petitioner] bears the burden of proving the truth of such facts by a preponderance of the evidence." *U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). In determining whether Petitioner has met that burden, the Court must "regard the pleadings' allegations as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

In light of Respondent's factual showing described above, the Court concludes that Petitioner has obtained the relief he seeks in his Petition, and the Court should dismiss the Petition as moot. *See Prator v. Neven*, No. 2:10CV1209, 2013 WL 3297173, at *1 (D. Nev. June 28, 2013) (unpublished) ("Due to the restoration of the 90 days of good time credit, [the] petitioner's claims are moot, and the petition is dismissed with prejudice on this basis."); *Holtz v. Richards*, 779 F. Supp. 111, 113 (N.D. Ind. 1991) (unpublished) ("[T]he petitioner has received the remedy he sought in his habeas petition, restoration of the forty-five (45) days of good time credit he lost as a result of the defective prison disciplinary hearing . . .[, and t]herefore, his petition is moot." (capitalization omitted)).

In sum, the Court has appropriately reviewed the Magistrate Judge's Recommendation and has made a *de novo* determination in accord with the Magistrate Judge's Recommendation. The Court therefore adopts the Magistrate Judge's Recommendation.

IT IS THEREFORE ORDERED that Respondent's Motion to Dismiss, (ECF No. 14), is GRANTED, and that the Petition, (ECF No. 1), is DISMISSED as MOOT.

This, the 8th day of March 2021.

/s/ Loretta C. Biggs
United States District Judge